IN RE FICKLE ET AL. *v.* SULLIVAN.

[No. 15,131. Filed September 25, 1934. Rehearing denied December 15, 1934.]

*Charles E. Hale, Howard S. Grimm,* for appellants.

*Kistler & Kistler,* for appellee.

BRIDWELL, C. J.—This cause was instituted by the filing of a verified petition by appellee wherein it was charged that one Winifred Fickle, appellee's granddaughter, five years of age, was a neglected child within the meaning of the laws of the State of Indiana, in that said child did not have proper parental care and attention in its home; that its home, by reason of neglect and cruelty on the part of the parents, was not a fit place for such child; and that its environment was such as to warrant the state, in the interest of said child, in assuming its guardianship. The prayer of the petition was that said child be declared to be a neglected child, and made a ward of the Cass county board of children's guardians and placed in a proper home or institution.

Upon the presentation of the petition to the court it made a finding that "an emergency exists for the immediate taking of said Winifred Fickle into custody" and entered an order that the probation officer take such child into custody and deliver her to Celestie Sullivan (appellee) until the further order of the court.

Appellant Charles T. Miser is the stepfather of said child and appellant Venus Miser is its mother. They appeared in court and, after the filing of certain motions, each of which was overruled, filed an application

for a change of venue from the judge, which was granted, and a special judge was appointed who qualified and assumed jurisdiction in the case. Thereafter appellants filed an answer of general denial to the petition, and the cause was submitted to the court for trial. At the close of the evidence the matter was taken under advisement by the court and afterwards the following finding and judgment were entered of record, to wit: "Come now the parties herein, each by their respective attorneys, and the court having had this matter under advisement and being duly advised in the premises, the court now finds for the petitioner herein, Celestie Sullivan, and finds Winifred Fickle is a neglected child and finds the State of Indiana is warranted in assuming her guardianship.

"The court now makes said Winifred Fickle a ward of the Board of Children's Guardians of this county and now places the care and custody of said child with the grandmother, Celestie Sullivan, until the further order of the court. It is ordered that the child shall not be removed from the jurisdiction of the Cass Juvenile Court until the further order of the court.

"It is ordered that the mother, Venus Miser, be permitted to visit her child at any reasonable time.

"It is therefore ordered, adjudged by the court that said child, Winifred Fickle, be placed in the care and custody of its grandmother, Celestie Sullivan, until the further order of the court, and that its mother have the privilege of visiting her child at any reasonable time, this child is now made a ward of the Board of Children's Guardians, all of which is so ordered by the court."

Appellants appeal from the judgment, assigning as error, among other causes, that the decision of the juvenile court is contrary to law. This assignment is, by reason of section 1709, Burns 1926, §9-2818, Burns 1933, §1772, Baldwin's 1934,

sufficient to present "both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the findings."

Upon an appeal being prayed the court, in line with its duty as fixed by statute (sec. 1709, *supra*), certified the facts of the case in the form of a special finding, and, the sufficiency of the evidence to warrant the findings made by the court being questioned by the appellants, such evidence has been incorporated in a bill of exceptions filed in said juvenile court and made a part of the record, as required by said statute. This statute further provides as follows: "The special findings and not the informal complaint shall be considered as the basis of the judgment rendered, and no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient."

We are of the opinion that the facts found and certified by the court furnish a sufficient basis for the judgment rendered. It is found that the child was neglected; "that socially and morally it will be unsafe for said child to remain in the home of and be under the domination of said step-father, Charles Miser"; "that it will be unsafe, both morally and socially, to permit said child to reside in the home of its mother and step-father"; "that the step-father, from the evidence and from his general demeanor in the court-room during the trial, appears to and will dominate both the mother and said child, Winifred Fickle, if the said child is permitted to be in their home"; that "taking into consideration the best interests of said child, it is better that said child remain in the custody of the grandmother, Celestie Sullivan, until the further order of the court." Many additional facts are embraced in the special finding but we deem it unnecessary to set them forth,

as they are not essential or controlling in determining this appeal.

The remaining question is as to the sufficiency of the evidence to sustain the finding of facts. We have read and considered the evidence as it appears in the bill of exceptions and find it sufficient to sustain the finding made.

Judgment affirmed.